| | |
|---|---|
| | Closed |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR 15-326-R-1 |
| | ) | |
| Plaintiff, | ) | FINDINGS RE: DENIAL OF BRIDGETTE |
| | ) | JACKSON'S MOTION FOR BAIL |
| v. | ) | PENDING APPEAL |
| | ) | |
| BRIDGETTE LENET JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States Court of Appeals for the Ninth Circuit remanded this matter to this Court "for the limited purpose of enabling [this] court to state, orally or in writing, the reasons why appellant has failed to demonstrate by clear and convincing evidence that she would not pose a danger to the safety of any other person or the community if not released." (Dkt. No. 146). Previously, the Court found that Defendant did not meet her burden to prove by clear and convincing evidence that she would not pose a danger to the community because she did not provide any evidence indicating as much. (Dkt. No. 145).

In her Motion for Bail Pending Appeal, Defendant argued that "there is no evidence before the Court that Ms. Jackson poses a danger to the community at large, or certain types of individuals." (Dkt. No. 122). She went on to state that she "has been consistently employed throughout these proceedings and has supported her two daughters." (*Id.*) These two sentences are the entirety of the "evidence" presented by Plaintiff to prove that she is not a danger to the community. Employment does not constitute clear and convincing evidence that a Defendant is

not a danger to the community. Finally, Defendant's argument that this Court implicitly found that Defendant was not a danger to others by allowing her to voluntarily surrender is misguided. This Court allowed Defendant to self-surrender in order to allow her to tend to personal matters prior to incarceration. The potential for danger to the community is much greater over the span of an appeal than it is in three weeks prior to self-surrendering. Defendant did not meet her burden and there is evidence that she would pose a danger to the community.

Defendant defrauded numerous victims in this matter who were particularly vulnerable. The victims were medical patients at a health care center with conditions ranging from retrograde amnesia to a prolonged loss of consciousness. This is not Defendant's only conviction for access device fraud and identity theft. She pled guilty in *United States v. Jackson*, 14-cr-138-JGB-2, to a conviction based on similar conduct. Continued fraud and identity theft by the Defendant would pose a danger to the community. See *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) ("We further hold that danger may, at least in some cases, encompass pecuniary or economic harm."). Furthermore, the Defendant's history reveals multiple probation violations. Together, these facts indicate that Defendant will pose a danger to the community because she has repeatedly engaged in similar schemes to defraud members of the community, and she has shown an inability to maintain the trust of courts.

Dated: July 3, 2017.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

CC: USCA 9th Circuit

2